ELIZABETH MULLER, PLAINTIFF-RESPONDENT, v. ABRAHAM BASKOWITZ ET AL., DEFENDANTS-APPELLANTS.

GOCHEN MULLER, BY NEXT FRIEND, ET AL., PLAINTIFFS-APPELLEES, v. ABRAHAM BASKOWITZ ET AL., DEFENDANTS APPELLANTS.

Submitted October term, 1931—Decided December 10, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellants, *Edward A. Markley.*

For the appellees, *Louis P. Brenner.*

PER CURIAM.

The judgments in this case are the result of an action for damages for personal injuries to a child and the resulting expenses of the mother, caused by the falling of a child, four years of age, into a cellarway. The action was against the owner of the property.

The facts were that an employe of a tenant, in carrying certain goods and merchandise from the cellar of the building, caused the iron coverings of the cellarway to be laid flat on the sidewalk and the four-year-old child walked into the opening and was injured.

The charge of negligence as to the defendant-owners was, "said defendants carelessly and negligently permitted and allowed said opening to be open and unsafe for the public walking along the said streets, &c."

Appellants urge that the judgments should be reversed— (1) because trial court refused to nonsuit or direct a verdict in favor of defendants because there was no evidence of negligence on their part which was the proximate cause of the injury; (2) because the trial court erred in instructing the jury—

"Then the court charges you, under the decisions rendered in this state, that the owners of premises of this kind, which have openings on the sidewalk appurtenant to the premises, are responsible by reason of the facts that they are in control of those premises and in control of those open spaces or cellarways, or entrances into cellars that have some connection with the premises under consideration. And—

The court desires to instruct you that a highway or a sidewalk on a highway is supposed to be safe to anybody

with a right to use them. You have a right to determine from the evidence whether or not the child, in exercising its right on the sidewalk, had the right to presume that everything was safe so that he could walk across the doorway if he so desired."

We conclude that undoubtedly there must be a reversal of these judgments.

It most conclusively appears that the happening was not caused by any structural defect in the cellarway or that it was the result of the neglect of the defendants because of any control over the way.

Under such circumstances the defendants below were entitled to either a nonsuit or a direction of verdict in their favor.

Likewise there was error in the first instruction complained of and while the second instruction is properly a general exposition of the law it had no application to the present case because of the facts.

No citation of authorities is necessary; the principles involved are entirely too fundamental.

The judgments under review are reversed, with costs.