ANNIE AND MAX DASHINE, PLAINTIFFS-RESPONDENTS, v. GUSSIE PERES, DEFENDANT-APPELLANT.

Submitted May 10, 1932—Decided December 6, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiffs-respondents, *Ely & Ely* (*J. S. T. Stranahan Ely,* of counsel).

For the defendant-appellant, *Aaron L. Simon.*

PER CURIAM.

The female plaintiff, while walking along the sidewalk, on which the defendant's premises abutted, was injured by stepping into a cellar opening. There were two iron doors over the entrance to the cellar, and these doors, when closed, fitted against each other flush with the sidewalk. At the time of the accident a nine-year-old child, the son of a tenant, was in the act of opening one of these doors for the purpose of taking his sled to the cellar. The evidence sustains the finding that as the child was laboring with the door, holding it open, Mrs. Dashine inadvertently stepped into the cellarway and was thrown; and that the child, alarmed by the mishap, loosened his hold upon the door, whereupon the door closed upon the plaintiff's leg and foot. The action by Mrs. Dashine for her personal injuries was joined in by her husband for incidental loss. The matter was heard by the judge of the Clifton District Court, sitting without a jury. Judgment was awarded the plaintiffs.

The appellant presents three points, namely, the refusal to nonsuit, the entry of final judgment for the plaintiffs instead of for the defendant, and the absence of evidence upon which a judgment for the plaintiffs could be rendered.

On the motion for a nonsuit two grounds were assigned, first, that there was no proof that the defendant was the owner of the premises and, second, even if ownership be assumed, the injury was caused by the child, for whose act the defendant was not responsible. As to the first ground we consider that the proven facts and the legitimate inferences to be drawn therefrom sustain a finding, not only that Mrs. Peres was the owner, but also, and clearly, that she installed and paid for the doors in question. Our views on the second ground are hereinafter expressed.

Criticisms of the state of demand, expressed in appellant's brief, seem not to have been raised at the trial.

The remaining issue in the case is whether Mrs. Peres, an owner whose lands abutted the highway and who had used the highway in front of her premises for the construction of a cellar entrance had, in so doing, complied with the duty

laid down by the Court of Errors and Appeals in *Sutphen* v. *Hedden,* 67 *N. J. L.* 324; 51 *Atl. Rep.* 721, and enunciated in other cases, of exercising reasonable care to guard against accident therefrom to users of the highway. This issue was tried by the parties and was decided adversely to the defendant.

The iron doors, when open, exposed a wide space reaching far toward the middle of the sidewalk. It is in the evidence that a form of sidewalk opening is made which involves an electric hoist and that such a contrivance, on the opening of the doors, automatically presents a guard to pedestrians. It is also in the evidence that the doors in question were equipped with a hasp and ring suited, and intended, for the insertion of a lock The photographs distinctly show this hinged hasp so set that with the addition of a padlock the doors could have been locked. No lock was provided. Neither these doors nor the doors that they replaced had been locked for a period of several years preceding the accident. It might well be considered that the absence of a lock from an equipment so constructed was a structural defect. We think that it was a factual question whether the defendant, having selected a type of door that was without a protective guard, and having failed to utilize the locking devices with which the doors were equipped, had not, in such failure, fallen short of her duty to exercise reasonable care. It was held in *Davenport* v. *McClellan,* 88 *N. J. L.* 653; 96 *Atl. Rep.* 921, that the act of a child without capacity to estimate or appreciate the danger in reviving an unextinguished street fire was contributory but was not an intervening cause in producing the resulting injury. It was, we think, within reasonable apprehension that a child or other irresponsible person would open the unsecured doors, with consequent injury to a pedestrian lawfully using the highway. The trial court found that in these omissions the defendant had negligently failed in her duty. We think that the evidence sustains that finding.

The cases relied upon by the appellant are *Morril* v. *Morril,* 104 *N. J. L.* 557; 142 *Atl. Rep.* 337, and *Muller* v. *Baskowitz,* 10 *N. J. Mis. R.* 4; 157 *Atl. Rep.* 389. The Morrill

case deals with the care owing by an owner to a guest on the former's private grounds and invokes an entirely different set of legal principles. The Muller case, in terms, excludes the existence of a structural defect and of neglect by the owner in control over the cellarway. In the instant case the defendant was not only the owner of the premises but was the occupant, for store purposes, of the ground floor immediately adjoining the cellarway and retained joint use of the entrance; so that we think that it was within the province of the court in determining the facts of the case to find that the absence of, and the failure to use, a locking device was chargable to her.

We conclude that the nonsuit was properly refused, that the evidence sustained the judgment, and that the judgment below should be affirmed, with costs.