JACOB ARNOLD, PLAINTIFF-RESPONDENT, v. ROSE DLUGO, WILLIAM LEVEY AND THEODORE LEVY, DEFENDANTS-APPELLANTS.

Submitted October 28, 1932—Decided January 31, 1933.

For the plaintiff-respondent, *Jacob Steinbach, Jr.*

For the defendants-appellants, *Coult, Satz & Tomlinson* (*De Voe Tomlinson,* of counsel).

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment of $875 and costs entered upon a jury verdict in the Monmouth Circuit. The single ground of appeal is that the trial court erred in refusing to direct a verdict in favor of the defendants. The action was for personal injuries received by the plaintiff from being tripped or thrown by the raising of a cellar door as the plaintiff was in the act of walking over the same. The door was one of two metal plates or doors that, when closed, were flush with, and a part of, the sidewalk in front of and abutting the defendants' premises and that covered the opening and steps leading to the cellar of the premises.

The complaint contained two counts, the first of which alleged that "the defendants * * * carelessly, negligently and recklessly and without warning, caused the said plates to be violently raised upon their hinges from beneath striking the plaintiff with great force and throwing him to the ground and severely injuring him in body." The second count, otherwise identical with the first, used the word "permitted" in place of the word "caused." The court granted the defendants' motion for a direction as to the first count but denied it as to the second; and the appeal goes to the denial. The question, therefore, is whether the proofs sustain the allegations of the second count.

The building was occupied by several tenants and by one of the owners. Plaintiff's fall was due to the act of one of the tenants, Scoles, who had gone, as by the implied consent of the owners he was entitled to go, into the cellar for his own purposes. Scoles, in making his exit, pushed one of the metal doors upward, without warning, thus causing plaintiff's mishap. That the accident happened from Scole's act is clear from the testimony and is not in dispute. Indeed, respondent concedes in his brief that "the raising of the door was done by one of the tenants."

The respondent's brief presents four points in support of the court's refusal to direct. The first is that the owners of the premises were under an absolute duty for the proper pro-

tection of the opening in the sidewalk, and citation is made of the several New Jersey cases next mentioned, none of which, we think, are pertinent to the issue as framed. *Durant* v. *Palmer,* 29 *N. J. L.* 544, was grounded upon a nuisance by the defendant in making and continuing, without sufficient cover or railing, an open area adjacent to the defendant's building; *McKeown* v. *King,* 99 *N. J. L.* 251, involved a drain covering that was defective in that it had become loose and had slipped over the edge of the gutter where it was struck by a motor truck; *Matheke* v. *United States Express Co.,* 86 *Id.* 586, defined the duty owed by the defendant's driver to the plaintiffs who, while working on a movable scaffold suspended about eight or ten feet from the level of the street, were thrown by the defendant's covered truck scraping the bottom of the scaffold; *Opdycke* v. *Public Service Railway Co.,* 78 *Id.* 576, concerned a nuisance consisting of the construction and maintenance by the defendant in the highway of a bridge that in design and construction was dangerous to ordinary travel and calculated to entrap and kill horses and other animals that might otherwise attempt to pass over it; *Temperance Hall Association* v. *Giles,* 33 *Id.* 260, involved an open area that was held to be a nuisance in that it was constructed and maintained without gate, railing or other protection on the side whereat the plaintiff fell; *Gibeson* v. *Skidmore,* 99 *Id.* 131, invoked an entirely different legal principle—the liability of the defendant for a tort committed by him on his private premises against the invitee plaintiff. We also make brief note of distingushing features in the following cases that have general reference to cellar or sidewalk opening; in *Houston* v. *Traphagen,* 47 *Id.* 23, the area had been left unguarded by a member of the family of, and while acting for the purposes of, the owner and occupier of the premises; *Meyers* v. *Birch,* 59 *Id.* 238, grounded in the defective condition of a grating; *Kelly* v. *Lembeck & Betz Eagle Brewing Co.,* 86 *Id.* 471, was for injuries caused by the giving way of cellar doors, defective in that they were not strong enough to sustain the weight of men standing upon

them and in that they had become smooth and slippery; in *Pederson* v. *Edward Shoe Corp.,* 104 *Id.* 566, the act of an employe of a coal dealer in opening a door leading to the cellar of a customer's premises in accordance with the instructions of and for the purpose of delivering coal to the customer was held chargeable to the employer; *Handlon* v. *Copestone Temple Association,* 106 *Id.* 362, grew out of a defective condition of a cellar door; *Warner* v. *Davis,* 159 *Atl. Rep.* 817, involved the relations of master and servant, and *Dashine* v. *Peres,* 163 *Id.* 231, turned upon a jury question as to whether or not there was a structural defect in the cellar doors.

We infer that the respondent has presented the matter under his point one on the assumption that the action is upon the creation or maintenance of a nuisance or upon a faulty construction. The court below, sustaining that theory of the suit, said:

"It seems evident to me, under the second count of this complaint, that there is an intent to plead that the doors or plates in the sidewalk leading to the cellar of defendants' premises were so constructed or arranged that they could be suddenly and violently opened from the inside, thus creating what might be termed a nuisance in the sidewalk;" and it was upon that theory, supplemented by the application of the doctrine of *res ipsa loquitur,* that the defendants' motion was denied. We differ with that view. There is no allegation in the pleading, and no proof in the case, of defective construction. The close identity of the two counts is persuasive that the thought of the pleader, and the reasonable understanding that the defendants were entitled to have of the pleading, was that the defendants were charged in the second count with permitting to be done that which in the first count they were charged with having caused to be done, namely, the violent raising of the plates or doors upon their hinges from beneath. The complaint charges a single tortious act on a certain day and at a fixed moment The day was October 28th, 1930. The moment was that at which the plaintiff stepped upon the door. The act was carelessly permitting the door to be raised violently and without warning from beneath.

Having regard for the particularity with which the complaint fixed the time and isolated the act and also for the words in the immediate context, we think that the word "permit" may not be understood to connote an improper construction, or a defective condition, of the apparatus. We read in the complaint a charge of liability against the owners, not for permitting the cellar-opening or the doors to be in a defective or unguarded condition, but for permitting the person who actually did the act complained of, namely, Scoles, to raise the doors upon their hinges violently from beneath striking the plaintiff with great force, throwing him and injuring him; and it was for the purpose of distinguishing the issue that we have remarked briefly upon the purport of the cases cited in respondent's brief and of divers other cases relating to cellar-openings. On the other hand, in *Muller* v. *Baskowitz,* 10 *N. J. Mis. R.* 4; 157 *Atl. Rep.* 389, arising out of comparable circumstances, the Supreme Court reversed a judgment against the owners of the building who had been charged in the complaint with having "carelessly and negligently permitted and allowed said opening [viz., a cellar entrance from the sidewalk] to be open and unsafe for the public walking along the said street." The facts were that an employe of a tenant, in carrying goods and merchandise from the cellar, caused the iron coverings of the cellarway to be laid flat on the sidewalk and the four-year-old plaintiff walked into the opening and was injured. The court held that it appeared conclusively "that the happening was not caused by any structural defect in the cellarway or that it was the result of the neglect of the defendants because of any control over the way."

The instant case is barren of proof to support the complaint. A tenant of the building had, as such, the consent of the owners to ingress and egress to and from the cellar. The acts comprehended within this consent were lawful when lawfully performed. The granting of such a consent does not spell a permission by the owners of the building to the tenant to exercise it negligently or otherwise unlawfully. Respondent

makes illustration by reference to the responsibility of a landlord for the halls and stairways used in common by several tenants, but that responsibility does not go so far as to charge the landlord with tortious acts committed by a tenant while in the use of those common ways.

The second point advanced by the respondent is that "the fact that the landlords permitted the tenants to use the passageway did not release the defendants from their responsibility to third parties." The responsibility of the defendants must, of course, be read in the light of the complaint. What we have already said disposes of this point.

It is next said that "the doctrine of *res ipsa loquitur* applies." We find no occasion for the invocation of that doctrine.

Finally, it is said by the respondent that "the charge of the complaint fully apprised the defendants of the injury complained of and was sufficient to put them to their proof that the accident occurred, in spite of due care on their part." This presents no thought that has not already been met.

We are of the opinion that the proofs in nowise sustained the complaint and that the direction of verdict in favor of the defendants should have been granted. The judgment below will, therefore, be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.