MAX EICHELBAUM, PLAINTIFF-RESPONDENT, v. MORRIS STULBACH, DEFENDANT-APPELLANT.

Submitted October 14, 1932—Decided March 25, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Benjamin H. Stadtmauer.*

For the defendant-appellant, *Irving L. Werksman.*

PER CURIAM.

The action is for personal injuries received by the plaintiff while passing over the sidewalk in front of defendant's premises. The judge, sitting without a jury, gave judgment to the plaintiff. Defendant appeals and presents four points

which may be adequately comprehended in the refusal of the trial court to nonsuit and to direct a verdict in favor of the defendant.

Plaintiff, while passing along the sidewalk in front of the premises owned by the defendant, was thrown by the sudden opening, from beneath, of one of the double iron cellar doors that, when closed, had been flush with the sidewalk. The building was occupied exclusively by tenants, and the mishap was caused by the son of a tenant making exit from the cellar where he had been of right and for the tenant's purposes.

Plaintiff relies upon the proposition that the door was not locked and that as it was in process of being opened there were no signals or guards to protect the public. It is in these respects that negligence is charged against the defendant.

That the accident happened from the act of the tenant's grown son is not in dispute. So far as the present suit is concerned the act was in effect that of the tenant himself. Indeed the testimony of the plaintiff, introduced as an answer to an interrogatory, is that the cause of the plaintiff's accident was that "plaintiff was thrown to the pavement by a tenant who opened the said cellar doors and (as?) the said plaintiff was passing the same."

It appears, we think, from our cases as recently reviewed by the Court of Errors and Appeals in *Arnold* v. *Dlugo et al.,* 110 *N. J. L.* 89; 164 *Atl. Rep.* 320, that mere ownership of premises does not visit liability upon an owner for the negligent act of a tenant in raising, without warning, cellar doors of mechanically correct construction, being a part of the sidewalk, while a pedestrian is standing thereon or passing thereover. There is no proof that the doors were not of correct and standard construction or that they were in defective condition. The doors could not, of course, remain locked while someone was in the act of opening them. We find no proof of actionable negligence. There was error in the refusal of the defendant's motions for nonsuit and direction.

The judgment below will be reversed, costs to abide the event.