MARTHA BLAIS, PLAINTIFF-APPELLEE, v. AMERICAN GROCERY CO., DEFENDANT-APPELLANT.

Submitted October 6, 1942—Decided December 11, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Cox & Walburg* (*William H. D. Cox,* of counsel).

For the appellee, *Louis L. Hendler.*

The opinion of the court was delivered by

PERSKIE, J. The question to be decided on the facts of this tort action is whether the trial judge erred in the submission of the case to the jury.

Defendant is the lessee of the building located at the intersection of Morris and George Streets, in the City of New Brunswick, New Jersey. It sublets parts of the premises but occupies and operates the corner section thereof as a market place, known as "The Big Bear." There are three "window wells" partly in the side of the building on Morris Street and partly in the sidewalk on the same street. They were not constructed by the defendant but serve, as designed, to admit light and air to the basement of the premises leased by defendant. Each "window well" is covered by an iron grating. Each grating is flush or even with and constitutes part of the sidewalk for the use of the public. The grating in question, the middle one, is about 47½ inches long, about 18½ inches wide and covers an excavation about 27½ inches deep.

In the forenoon of December 29th, 1941, plaintiff, while walking on Morris Street, stepped upon the middle grating, it tilted, gave way with her and precipitated her into the areaway.

To recover damages sustained as a result of her fall, plaintiff sued defendant. In support of her charge of actionable negligence against defendant, she offered proofs to establish that the grating was "structurally defective" and in an "unsafe condition." Defendant, on the other hand, offered proofs to establish that the grating was "not defective," that the grating and its "construction" fully complied with "standard types of grating and construction," that defendant was free from any "negligence," and that it had no knowledge, "either actual or constructive" that the "grating was out of place at the time of the accident." These proofs, over denial of

motions of nonsuit and to direct a verdict in favor of the defendant, were submitted to the jury. It returned a verdict of $250 in favor of plaintiff. From the judgment, based upon that verdict, defendant appeals.

Defendant argues that the trial judge erred in denying its motions of nonsuit and to direct a verdict and in his charge to the jury.

1. *As to the stated motions.* The applicable law in this class of cases is settled. The construction of the grating even or flush .with the sidewalk is not a "nuisance *per se*." But it is a "thing the adjacent owner might do subject to the right of free and safe passage of the public over and along every part of the sidewalk." In making such use of the sidewalk, the owner is, however, legally bound "to do so by such a method of construction as not to create a nuisance," and is further bound "to exercise reasonable care to keep the structure safe for the use of the public." *Young* v. *National Bank of New Jersey,* 118 *N. J. L.* 171, 172; 192 *Atl. Rep.* 848. *Cf. Fay* v. *Trenton,* 126 *N. J. L.* 52, 54, 55; 18 *Atl. Rep.* (*2d*) 66.

Defendant takes the position here, as it did below, that the proofs utterly failed to raise a jury question as to its alleged failure to discharge its duties as lessee in possession and in uncontested control of the premises in question. It was unquestionably open to the jury so to find. Without detailing the proofs, it is sufficient to observe that there were proofs for defendant that the grating was one of the several standard types "in use in this section of the country," that it was the "best type" of grating, and that it represented "the last word in installation." There were further proofs that the grating (forming an L shape) set on a "solid metal frame" on all four sides, and that defendant's manager observed the grating a few hours prior to the accident and found that it was set in place.

On the other hand, it was also unquestionably open to the jury to find, as it did, that the grating was structurally defective and was not kept reasonably safe for the use of the public. Here again it is sufficient to observe that there were proofs that the grating (weighing about 20 pounds) did not set on

a solid metal frame on all four sides, that there was nothing to support the grating immediately adjoining the building, that there was a gap of about a half of an inch between the grating and the building, that it was loose and moveable to and from the building, that it was not anchored or cemented into the sidewalk, and that it was not—at the time of the accident—bolted down.

In *Dashine* v. *Peres,* 10 *N. J. Mis. R.* 1264; 163 *Atl. Rep.* 231, we held that the absence of a lock on a cellar door which opened upon the sidewalk constituted negligence, and in *Wasilewski* v. *McGuire Art Shop,* 117 *N. J. L.* 264 (at *p.* 268); 187 *Atl. Rep.* 530, we held (through Mr. Justice Heher) that the *ratio decidendi* of our holding in the case of *Dashine* v. *Peres, supra,* is that the absence of a lock might well be considered "a structural defect." *Cf. Arnold* v. *Dlugo,* 110 *N. J. L.* 89, for reasonably comparable cases collated on pages 90, 91, 92, 164 *Atl. Rep.* 320. If the grating was "structurally defective," a "nuisance," then, irrespective of the fact that it was of a standard type, the fact of notice or the lack of notice is "immaterial." *Cf. Schwartz* v. *Howard Savings Institution,* 117 *N. J. L.* 180, 183; 187 *Atl. Rep.* 171. Since there is evidence to support the verdict we cannot reverse. *N. J. S. A.* 2:32-202. *Cf. Lewis* v. *LaRosa & Sons, Inc.,* 128 *N. J. L.* 474; 26 *Atl. Rep.* (2d) 879; *Schnoll* v. *Dutt,* 128 *N. J. L.* 475; 26 *Atl. Rep.* (2d) 880.

2. *As to the charge.* The only portion of the charge challenged reads as follows:

"The fact that the bolts were placed there may be considered by you in considering the entire case. That is one of the physical conditions which you may take into consideration in arriving at your determination. The mere placing of the bolts does not mean that they were needed, there may have been other reasons why they may have been put there. They may have been put there as a safety device, to prevent somebody from breaking in. You can't just infer that they were put there merely because the grating wasn't safe. On the other hand, you are bound to follow the evidence."

Defendant argues that the charge was erroneous in that it "was tantamount to stating to the jury that they could take

into consideration the changes made by the defendant after the accident in determining whether the defendant was guilty of negligence in not having put bolts into the grating before the accident occurred." The argument is without merit.

Witness Johnson for the plaintiff made a wooden exhibit of the grating. That exhibit concededly represented the condition of the grating, as of the day of the accident, although it was built as the result of an examination of the grating made four days after the accident. Save as to the conflict in the testimony of Johnson and that of witness Sheffield—a civil engineer—for defendant, as to the support for the grating, the exhibit disclosed and the undisputed proof is that the grating was not bolted down on the day of the accident. Defendant concedes that Johnson's testimony as to the examination of the grating, made four days after the accident, was, under the circumstances, proper because it related to "one of the things alleged," namely, "defective construction." Plaintiff then sought to prove the "observation" which Johnson made as to the "condition" of the grating some sixteen or seventeen days after the accident. The trial judge refused to permit such proof.

Defendant in support of its defenses, offered and there were admitted in evidence two photographs (*Exhibit D*-1 and *D*-2) of the grating taken on May 23d, 1942, and purporting to portray its condition, without change, as of the date of the accident. On cross-examination of witness Lemli for defendant, he was asked whether it was not a fact that the grating was not then bolted down. Counsel for defendant objected. Additionally, he volunteered the information that the grating "was bolted down by the landlord." As a matter of fact, witness Lemli answered that he had not noticed whether the grating was bolted down. Witness Sheffield, however, testified that when he inspected the grating at the time it was photographed, it was bolted down at each corner.

Bearing in mind that the defendant admits that it did not contest the fact that it was in control of the premises, and bearing in mind that the defendant concedes that it was proper to show that the grating was not bolted down when examined four days after the accident, we utterly fail to

see how defendant can take advantage of, much less be harmed by, the fact that its counsel chose improperly to state who in fact had bolted down the grating.

Clearly, proofs of the bolting down of the grating after the accident had probative value. It was admissible not as proof of defendant's negligence but rather as proof of defendant's right of entry, control and liability. *Cf. Millman* v. *U. S. Mortgage and Title Guaranty Co.,* 121 *N. J. L.* 28, 32, 33; 1 *Atl. Rep.* (*2d*) 265; *Trondle* v. *Ward,* 129 *N. J. L.* 179, and cases collated at pages 183, 184, 28 *Atl. Rep.* (*2d*) 509. It was admissible as to the existence *vel non* of alleged structural defect of the grating at the time of the accident, and which structural defect was, as we have seen, one of the conceded issues in the case. Proof of the bolting down of the grating, under the stated circumstances, "had a logical probative value" (*Millman* v. *U. S. Mortgage and Title Guaranty Co., supra, p.* 34), in the determination of that issue, as did the proof that the grating and its installation conformed to general trade standards.

We mark the fact that no specific request was made that the trial judge in his charge limit the application of the proofs to the specific issue to which they related. Notwithstanding this, the trial judge delivered cautionary instructions. *Millman* v. *U. S. Mortgage and Title Guaranty Co., supra, p.* 35.

Judgment is affirmed, with costs.