92 N.J. Super. 73 (1966)
222 A.2d 189
JOSEPH RAMUNDO, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF RICHARD RAMUNDO, AN INFANT, PLAINTIFF-RESPONDENT,
v.
JOSEPH TURI AND JOSEPH BOUCHARD, DEFENDANTS-APPELLANTS, AND THE BOROUGH OF WEST PATERSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 1966.
Decided July 25, 1966.
Before Judges GAULKIN, LABRECQUE and BROWN.
*74 Mr. John T. Mooney argued the cause for defendants-appellants (Messrs. Hein, Smith & Mooney, attorneys).
Mr. Adolph A. Romei argued the cause for plaintiff-respondent (Mr. John Fiorello, on the brief).
PER CURIAM.
This death action arises out of the drowning of a 15-year-old boy in a pond located on land in West Paterson. The suit alleged negligence on the part of the owners, defendants Joseph Turi and Joseph Bouchard, and their lessee, the Borough of West Paterson. There was judgment for the municipal defendant at the close of all the evidence.
Plaintiff recovered a verdict against the individual defendants, who appeal on several grounds, including the contention that the trial court erred in denying their motion for judgment at the conclusion of the proofs. We agree that the motion should have been granted.
Plaintiff bases his claim of liability on section 339 of the Restatement of Torts. He concedes that the tragedy would be nonactionable if the only hazards present were those inherent in any body of water. This comports with Restatement comment (b) and the correlated illustration with respect to the rule plaintiff seeks to invoke:
"There are many dangers, such as * * * water * * * which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large. To such conditions the rule stated in this Section ordinarily has no application, in the absence of some other factor creating a special risk that the child will not avoid the danger * * *."

* * * * * * * *
"A has on his land a small artificial pond in which, to A's knowledge, children of the neighborhood frequently trespass and swim. A takes no precautions of any kind. B, a boy ten years old who cannot swim, trespasses on A's land, enters the pond, and is drowned. A is not liable to B." Restatement, Torts 2d, § 339, p. 203 (1965).
Plaintiff contends that defendants were required to fence in the pond or to keep children out because "* * * there were numerous cold springs in the water which varied the *75 temperature of the water so greatly that it adversely affected the swimming ability of anyone so using the pond * * *."
We disagree. We find nothing in the facts which imposed such a burden upon defendants or imposed liability upon them within the framework of the rule mentioned above.
The judgment is reversed and the cause is remanded for entry of judgment in favor of defendants.