94 N.J. Super. 374 (1967)
228 A.2d 545
CHRISTINE OSTROSKI, AN INFANT BY HER GUARDIAN AD LITEM EDITH OSTROSKI AND EDITH OSTROSKI, INDIVIDUALLY, PLAINTIFFS - RESPONDENTS AND CROSS-APPELLANTS,
v.
MOUNT PROSPECT SHOPRITE, INC., PILGRIM PIECE DYE WORKS, INC., EAST LANE, INC. AND LEON PINES, DEFENDANTS - APPELLANTS AND CROSS-RESPONDENTS, AND MICHAEL J. CISERO, DEFENDANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1967.
Decided April 5, 1967.
*376 Before Judges SULLIVAN, KOLOVSKY and CARTON.
*377 Mr. Hugh J. O'Gorman argued the cause for defendants-appellants and cross-respondents (Mr. Raymond L. Cunneen, attorney).
Mr. Sherwin Drobner argued the cause for plaintiffs-respondents and cross-appellants.
Mr. John L. McDermott argued the cause for defendant and cross-respondent Michael J. Cisero (Messrs. Gaffey & Webb, attorneys).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
On April 29, 1963 plaintiffs instituted this personal injury negligence action against defendant Michael J. Cisero, the driver of an automobile which struck infant plaintiff Christine on December 27, 1961 while she was on a sled in the middle of Mount Prospect Place in Newark. Christine had coasted down a snow-covered slope into the roadway. The short slope extended from the rear of a Shop-Rite food market area to the level of Mount Prospect Place, some 15 feet below.
On August 16, 1963 plaintiffs amended their complaint to add as party defendant Daitch Dairies, the alleged owner and occupant of the food market premises, charging that it "negligently, carelessly and recklessly permitted, maintained and encouraged the use of its premises as a playground" and thus created a nuisance, and that as a result thereof infant plaintiff was injured. Thereafter plaintiff added as defendants the parties listed in the caption other than Cisero, charging that they, too, were owners and ocupants of the premises. (The added parties will be referred to collectively as "Shop-Rite.") At the end of plaintiffs' case a dismissal was ordered, by consent, as to Daitch Dairies.
After the complaint was amended to join Shop-Rite as defendant, the action could no longer be classified as an automobile negligence action; a pretrial conference should have *378 been held. R.R. 4:29-1. It was not, and thus additional problems were created for the trial judge.
The jury returned a verdict of no cause for action as against Michael Cisero, the driver of the automobile, and verdicts in favor of plaintiffs against Shop-Rite, $10,000 for Christine and $5,000 for her mother Edith. The court thereafter denied Shop-Rite's motion for a new trial but reduced the verdict in favor of the mother from $5,000 to $3,305, the amount of her medical expenses.
Shop-Rite appeals from the judgment and from the denial of the motion for a new trial. Both plaintiffs appeal from the judgment in favor of defendant Cisero, and plaintiff Edith appeals from the reduction in the amount of the verdict in her favor.
The Shop-Rite food market and its adjacent parking area had been constructed on a large vacant tract whose level was higher than Mount Prospect Place, one of its boundary streets. The angle of the slope extending from the level of the market to Mount Prospect Place had been modified during the course of construction. A police officer, who lived on Mount Prospect Place, testified that prior to the construction there had been a "sudden drop"; this had been changed to a slope less steep than before. Plaintiff Edith testified to the contrary, that the construction made the hill steeper. The photographs of the scene taken subsequent to the accident reveal a short, moderate slope. Some small bushes or shrubs were planted in spots on the slope, but many of the shrubs remained in place only a short time. The food market opened for business in June 1961. The first snowfall of the season was on December 27, 1961, the date of the accident here involved.
There was evidence that on occasions between June and December 27 children played on top of the slope and on the slope itself. There was no proof that this was with Shop-Rite's consent, but plaintiffs argue that such consent may be inferred from the fact that children did on occasion enter and play in the area. Shop-Rite denied that the children's presence *379 was with its permission or consent and offered evidence that children found playing there had been chased away.
On December 27, 1961 Christine was nine years of age. She testified that shortly before 5 P.M. on that day she went over to the "Shoprite hill, where all the kids were playing." The area was covered with snow; plaintiffs contend that some of the snow had been bull-dozed down the slope from the neighboring parking lot. According to Christine, there were approximately ten children on the hill. Some were building snowmen and throwing snowballs. Others were coasting down the slope on a path they had worn in the snow, using sleds and crushed cardboard boxes. After joining the group building snowmen for about five minutes, Christine borrowed a friend's sled and waited in line for her turn to coast down the slope. Then, in her words:
"* * * I looked all ways for cars, coming either from Garside or Second Avenue on Mount Prospect. I didn't see any cars so I proceeded to go down the hill. About three-quarters of the way down I saw a car coming, but it was too late then. I was in the middle of the street. When I saw the car coming I just froze. I couldn't get off the sled.
Q What caused you to stop in the middle of the street? A Well, from the cars going by in the middle of the street the ice was like worn away and it was just wet. It caused the sled to stop."
Halfway down the slope she had tried to stop the sled by putting her feet out "because [she] was going too fast." Christine said she had been in the middle of the street about 10 or 15 seconds when she was hit by Cisero's automobile. This was denied by Cisero, who testified that the sled suddenly darted out from between cars parked to his left and struck the left side of his automobile.

SHOP-RITE'S APPEAL
Plaintiffs contend that a proximate cause of the accident was Shop-Rite's breach of the duty owed by it to Christine, and this whether her presence on the hill was as a licensee *380 (as plaintiffs say it was) or as a trespasser. The case was submitted to the jury for consideration on both theories.
Although Shop-Rite advances a number of reasons for reversal, its primary criticism is directed to the denial of its motions for involuntary dismissal at the end of plaintiffs' case and at the close of all the evidence.
Our concern is only with the motion for judgment of dismissal at the close of all the evidence. We have reviewed the record and in doing so have assumed, as we must, the truth of the evidence which supports plaintiffs' claim and have given them the benefit of all legitimate inferences which are to be drawn therefrom in their favor. Melone v. Jersey Central Power & Light Co., 18 N.J. 163, 170 (1955). Our review convinces us that the evidence does not establish a claim for relief against Shop-Rite; its motion for judgment should have been granted.
Since the parties have devoted most of their argument thereto, we treat first Shop-Rite's alleged liability to Christine as a trespasser under the rule set forth in 2 Restatement of Torts 2d, § 339, p. 197 (1965).
Under § 339, "A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land" if, in addition, each of the circumstances set forth in clauses (a) through (e) of the section are found to exist.
Basic to liability under § 339 is that "an artificial condition upon the land" cause the physical harm. Our cases have not extended liability to injuries from the maintenance of natural conditions on the land even though the accident would not have happened if the landowner had taken appropriate action to prevent the child from trespassing. Ramundo v. Turi, 92 N.J. Super. 73 (App. Div. 1966), certification denied 48 N.J. 141 (1966); Coughlin v. U.S. Tool Co., Inc., 52 N.J. Super. 341 (App. Div. 1958), certification denied 28 N.J. 527 (1959); Scheffer v. Braverman, 89 N.J. Super. 452 (App. Div. 1965). In Coughlin the court said:
*381 "We cannot permit liability to be based upon the maintenance of natural conditions, common or ordinary objects such as walls, fences, gates, simple tools and appliances." (at p. 348)
Cf. caveat to § 339 and comments on clauses (d) and (p) thereof.
The condition here involved, a snow-covered hill and slope extending from the property level to the street level, is not an artificial condition, it is a natural one. As such, it affords no basis for liability under § 339 even if it be assumed that the existence of the condition and the opportunity it afforded for sledding was a proximate cause of the injury to Christine.
Further, the condition does not appear to be one which involves an "unreasonable risk of death or serious bodily harm" to children, an essential showing under § 339(b). Cf. Coughlin v. U.S. Tool Co., Inc., supra, 52 N.J. Super., at p. 347; Prosser on Torts (3d ed. 1964), § 59, p. 378; Turpan v. Merriman, 57 N.J. Super. 590 (App. Div. 1959), certification denied 31 N.J. 549 (1960).
But even if it were such a condition, on the record in this case there is no justification for a jury finding, as required by § 339(c), that Christine because of her youth did "not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it [the artificial condition upon the land]." On the contrary, it is clear that Christine, then nine years old, did realize the risk and appreciate the danger involved in coasting down the slope into a public street where automobiles were travelling; witness her testimony, quoted above, that she didn't "proceed to go down the hill" until she had first "looked all ways for cars, coming either from Garside or Second Avenue on Mount Prospect, [and] didn't see any cars." Cf. Coughlin v. U.S. Tool Co., Inc., supra, at p. 348; 2 Restatement of Torts, § 339, comment (j); Prosser, op. cit., § 59, p. 381.
For the same reason  Christine's awareness of the alleged peril  Shop-Rite is not liable even if Christine be *382 deemed a licensee and the use of the hill for coasting be considered a dangerous condition on the land, for Shop-Rite's liability to Christine would arise only out of want of due care to warn of the alleged concealed danger. Berger v. Shapiro, 30 N.J. 89, 99 (1959); 2 Restatement of Torts, § 342, p. 210; Taneian v. Meghrigian, 15 N.J. 267, 275 (1954); Imre v. Riegel Paper Corp., 24 N.J. 438, 445 (1957).
Further, the evidence as to prior use of the area by children was not sufficient to warrant a jury finding that Christine was a licensee, i.e., one whose "presence was either expressly or impliedly permitted by the possessor of the premises." Snyder v. I. Jay Realty Co., 30 N.J. 303, 312 (1959).
While it is, of course, true that "[t]here may be such acquiescence [in trespasses] as to amount to an implied leave and license," Imre v. Riegel Paper Corp., supra,
"`Permission must be proved, not tolerance, though tolerance in some circumstances may be so pronounced as to lead to a conclusion that it was really tantamount to permission.'" (at p. 446)
The incidents of trespass by children revealed by the record here would not support a finding of tolerance of the latter character in this case.

PLAINTIFFS' APPEALS
In view of our ruling on Shop-Rite's appeal, the appeal taken by plaintiff Edith from the reduction in the amount of her verdict is moot.
We find no merit in the one point argued by plaintiffs on their appeal from the judgment in favor of Cisero  the alleged error of the trial court in sustaining an objection to a question asked of Cisero on cross-examination. The scope of cross-examination is a matter within the discretion of the trial judge; its exercise will not be interfered with in the absence of palpable mistake. Palkoski v. Garcia, 32 N.J. Super. 343 (App. Div. 1954), affirmed 19 N.J. 175 (1965). Moreover, the court's ruling was correct.
*383 The judgment in favor of defendant Cisero is affirmed. The judgment in favor of plaintiffs and against Shop-Rite is reversed, with directions that judgment be entered in favor of Shop-Rite.