**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2419-18T1

JEAN-PIERRE THERRIEN,

     Plaintiff-Appellant,

v.

LYNDA BLOW,

     Defendant-Respondent.

_____

> Submitted February 3, 2020 – Decided March 4, 2020
>
> Before Judges Messano and Vernoia.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-2936-17.
>
> Stathis & Leonardis, attorneys for appellant (Gregory A. Stathis, of counsel; Randi Susan Greenberg, on the brief).
>
> Law Offices of Nancy L. Callegher, attorneys for respondent (Jessica Dawn Adams, on the brief).

PER CURIAM

Plaintiff, Jean-Pierre Therrien, a Metuchen police officer, was on duty when he observed a disabled motor vehicle with its hazard lights activated blocking the intersection of Grove Avenue and Route 27.[1] Plaintiff approached the vehicle to provide assistance and spoke with the driver, defendant Lynda Blow. Upon learning defendant's vehicle "had run out of gas[,]" plaintiff instructed her to remain in the car and place it in neutral so he could push it closer to the side of the busy roadway. Defendant obeyed plaintiff's instructions and steered the car toward the side of the road as plaintiff pushed from behind. The car struck the curb and, sensing the vehicle was no longer moving, plaintiff continued to push with more strength. He felt pain in his left foot and ankle; the result of a ruptured Achilles tendon.

Plaintiff filed a complaint claiming defendant breached the duty to safely operate her vehicle by not providing sufficient fuel and "allowing [it] to become disabled." Plaintiff further alleged that defendant operated the car in negligent fashion by steering it into the curb. Defendant answered the complaint and subsequently moved for summary judgment.

---

[1] There is a factual dispute whether the car was blocking the intersection. However, for purposes of this opinion, we give plaintiff, as the non-moving party, the benefit of all favorable evidence and inferences in the motion record. R. 4:46-2(c).

After oral argument, the judge granted defendant's motion. In his terse oral opinion, the judge recited the elements necessary to establish a cause of action for common law negligence. He concluded: "[E]ven if the [c]ourt did find that for purposes of this motion running out of gas and steering into a curb constitutes negligence, I do not believe there is proximate cause between the injury and negligence[.]" The judge entered an order dismissing plaintiff's complaint and this appeal followed.

On appeal, plaintiff argues that the judge misapplied the standards governing summary judgment motions and "impermissibly substituted" his own judgment in place of the "trier of fact" when he found that "neither defendant's failure to fuel her car" nor steering it into the curb "was a proximate cause" of plaintiff's injuries. Having considered this argument in light of the record and applicable legal standards, we affirm.

We review the grant of summary judgment de novo, applying the same standard used by the trial court, which

> mandates that summary judgment be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."

3

[Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).]

We must determine "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). We owe no deference to the trial court's legal analysis. The Palisades at Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

"To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008)). Plaintiff seemingly asserts that permitting one's car to run out of gas is per se negligence, but he provides no authority for that proposition nor could we find any. We acknowledge that the driver of a vehicle that becomes disabled has a duty to exercise reasonable care such that the vehicle does not pose a danger to others using the highway. Melone

4

v. Jersey Cent. Power & Light Co., 18 N.J. 163, 171–75 (1955); Shappell v. Apex Express, Inc., 131 N.J.L. 583, 585 (E & A 1944). For example, had defendant failed to activate her flashing lights so as to warn oncoming drivers, and a collision resulted, a jury might find she breached a duty owed, and that breach was a proximate cause of any accident and injuries that resulted. Id. at 588. However, that is not what occurred.

N.J.S.A. 39:4-136, which plaintiff cited to the motion judge as justification for his action provides that "[a]ny vehicle . . . which is disabled to the extent that the operator cannot move it . . . shall be deemed a nuisance and a menace to the safe and proper regulation of traffic and any peace officer may provide for the removal of such vehicle." However, plaintiff decided not to call for assistance to remove defendant's car because, he said, the police department was responding to another emergency. Nor did plaintiff take a more cautious tack, such as parking behind the vehicle with emergency lights activated to provide further warning for the benefit of oncoming drivers. Instead, plaintiff instructed defendant to put the car in neutral so he could push her. The question then becomes whether defendant striking the curb could support plaintiff's cause of action for negligence. Here, we agree with the motion judge that even if

defendant negligently steered her car as plaintiff pushed, her negligence was not a proximate cause of his injury.

"A basic notion of our law is that, generally, a tortfeasor should be liable for only the harm she actually caused to the plaintiff." Komlodi v. Picciano, 217 N.J. 387, 411 (2014) (citing Scafidi v. Seiler, 119 N.J. 93, 112–13 (1990)). "Proximate cause consists of 'any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred.'" Townsend, 221 N.J. at 51 (emphasis added) (quoting Conklin v. Hannoch Weisman, 145 N.J. 395, 418 (1996)). "Proximate cause has been described as a standard for limiting liability for the consequences of an act based 'upon mixed considerations of logic, common sense, justice, policy and precedent.'" Fleuhr v. City of Cape May, 159 N.J. 532, 543 (1999) (quoting Caputzal v. The Lindsay Co., 48 N.J. 69, 77–78 (1966)). While usually an issue left to the factfinder, "the issue of proximate cause 'may be removed from the factfinder in the highly extraordinary case in which reasonable minds could not differ on whether that issue has been established.'" Townsend, 221 N.J. at 60 (quoting Fleuhr 159 N.J. at 543).

A-2419-18T1

"The general principles governing intervening and superseding causes are well settled. Only their application is difficult." Lynch v. Scheininger, 162 N.J. 209, 226 (2000). On occasion, "our courts have determined that intervening events constituted superseding causes as a matter of law[.]" Id. at 229. We need not explore the contours of these two concepts in detail, except to summarize as follows: "the doctrine of superseding cause focuses on whether events or conduct that intervene subsequent to the defendant's negligence are sufficiently unrelated to or unanticipated by that negligence to warrant termination of the defendant's responsibility." Id. at 230.

Plaintiff's injuries were not caused by the impact of defendant's car, presumably traveling at an extremely slow rate of speed, hitting the curb. Plaintiff was not injured, for example, by the car rebounding back toward him or otherwise striking him as a result of having impacted the curb. Rather, plaintiff contends that when the car hit the curb, he pushed with greater force, and that strain caused the rupture of his Achilles tendon.

The motion record, however, does not attribute plaintiff's injury to his extraordinary exertion of force. In other words, there is no medical opinion distinguishing plaintiff's initial decision to push the car from his claim that only the resistance caused by defendant's car against the curb was a proximate cause

A-2419-18T1

of his injury. Nevertheless, the record is clear that plaintiff took no steps to determine what was causing the claimed increased resistance to his efforts. He did not, for example, stop pushing and investigate. Instead, upon realizing the car was no longer moving, plaintiff simply pushed harder. Those are the facts in a light most favorable to plaintiff. Plaintiff's own conduct is "sufficiently unrelated to or unanticipated by [defendant's] negligence to warrant termination of [her] responsibility." Id. at 230.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2419-18T1