RICHARD J. WEINACHT, Sr., PLAINTIFF-RESPONDENT,
v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY
OF BERGEN, NEW JERSEY, DEFENDANT-APPELLANT.

Argued November 28, 1949—Decided December 19, 1949.

*Mr. Milton T. Lasher* argued the cause for appellant.

*Mr. Michael N. Chanalis* argued the cause for respondent. (*Messrs. Haines, Chanalis, Lynch & Maloney*, attorneys).

The opinion of the court was delivered by

WACHENFELD, J.  Does *R. S.* 40:9–3 require bids for structural steel and ornamental iron work singly or in combination?  The Superior Court determined separate bids were provided for, while the Appellate Division held the import of the statute was "to combine steel and iron in a single bid." Certification having been allowed, the question so posed is before us for determination.

In November, 1948, the Bergen County Board of Freeholders advertised for competitive bids for the construction of a hospital building.  Among other things, the advertisement called for separate bids for structural steel and for miscellaneous iron.  The latter term is conceded by both sides to be synonymous in the trade with the term "ornamental iron work."

The respondent, a taxpayer engaged in the fabrication and erection of structural steel and ornamental iron work, filed suit in the Superior Court, Law Division, to have the advertisement declared illegal and void and to compel the Board to re-advertise for a single combined bid for "structural steel and ornamental iron work," asking for a restraint in the meantime against the acceptance of a bid for the structural steel alone. The complaint was based on *R. S.* 40:9–3, which, it was contended, required a combined bid rather than separate bids on the two items.

*R. S.* 40:9–3 reads as follows:

"In the preparation of plans and specifications for the erection, construction, alteration or repair of any public building by any political subdivision of this state, when the entire cost of the work will exceed one thousand dollars in amount, the architect engineer or other person preparing the plans and specifications, shall prepare separate plans and specifications for the plumbing and gas fitting, and all kindred work, and of the steam and hot water heating and ventilating apparatus, steam power plants and kindred work, and electrical work, structural steel and ornamental iron work.

"The board, body or person authorized by law to award contracts for the erection, construction, alteration or repair of any such public building, shall advertise for, in the manner provided by law, and receive separate bids for each of said branches of work, and award contracts therefor to the lowest responsible bidder for each of such branches respectively."

Respondent's motion for summary judgment was denied and his complaint dismissed. He appealed to the Appellate Division. Meanwhile the Board of Freeholders had received bids for the structural steel but none for the ornamental iron work. It accordingly re-advertised for bids on the latter and received one bid. Thereafter and while the appeal was pending, the Board advertised again, this time calling for separate bids on structural steel and miscellaneous iron work and also for combined bids on both. It subsequently accepted the lowest combined bid and awarded the contract accordingly.

The trade customs prevailing and the legislative history are interesting and enlightening. The City of Newark in 1913 advertised for bids for the construction of a large public

market building. The statutes then in force required competitive bids but there was no requirement that the work be subdivided. The advertisement called for a combined bid for the entire work under a general contract and also for separate proposals under six different branches of construction. When the bids were received the aggregate of the lowest bids for the separate branches of construction was $16,000 lower than the lowest bid for the construction of the whole work. The governing body awarded the contract to the lowest general contractor and the Supreme Court set aside the award so made, *Armilage v. Newark*, 86 *N. J. L.* 5 (*Sup. Ct.* 1914), holding that the general contractor was not the low bidder. As a result of this development, Chapter 95 of the Laws of 1915 was enacted by the Legislature. For the first time, the law required separate bids for the various branches of work specified when the entire cost of the work exceeded $1,000. The act was again amended in 1931, when it raised the cost minimum to $50,000 and added the words "structural steel and ornamental iron work." At the same session, the Legislature amended the act again restoring the minimum cost to $1,000, which is the provision in *R. S.* 40:9–3 effective today.

The primary objective of the statutes requiring advertisement for public work is to encourage competition. These measures were enacted for the benefit of the public and the object of the act is not only apparent from its phraseology but has been so construed by our courts many times. *McGovern v. Trenton*, 84 *N. J. L.* 237 (*Sup. Ct.* 1913); *Tice v. Long Branch*, 98 *N. J. L.* 214 (*E. & A.* 1922); *Rankin v. Board of Education of Egg Harbor Tp.*, 135 *N. J. L.* 299 (*E. & A.* 1947).

The respondent contends the omission of a comma after the words "structural steel" indicates a legislative intent to treat structural steel and miscellaneous iron work as a single item, while the appellant asserts the courts are not bound by punctuation marks but may disregard them in the search for the legislative intention, citing *Howard Savings Institution v. Newark*, 63 *N. J. L.* 65 (*Sup. Ct.* 1899). The Supreme Court there held the courts are not bound by punctuation

marks or the absence of them. In their search for the intention of the Legislature they may disregard punctuation or re-punctuate if need be. But this case was reversed by the Court of Errors and Appeals, 63 *N. J. L.* 547 (*E. & A.* 1899), where Chief Justice Magie said:

"The punctuation of a legislative act will not control its evident meaning. But punctuation is one of the means for discovering the legislative intent."

This rule is supported by the text writers, who point out parliamentary enactments originally were not punctuated and thus it was a necessary conclusion that the punctuation subsequently inserted was no part of the act. Today, however, statutes are punctuated prior to submission to the Legislature and:

"The better rule is that punctuation is a part of the act and that it may be considered in the interpretation of the act but may not be used to create doubt or to distort or defeat the intention of the legislature. When the intent is uncertain, punctuation, if it affords some indication of the true intention, may be looked to as an aid." *Sutherland, Statutory Construction* (3d ed. 1943), § 4939.

So, here, we think, the punctuation affords some indication of the true legislative intent.

The statute requires separate plans and specifications for plumbing and gas fitting, steam and hot water heating and ventilating apparatus, steam power plants and kindred work, and electrical work, which are not here in dispute. The question is as to whether or not structural steel and ornamental iron work must be broken down into two parts, (a) structural steel, and (b) ornamental iron work.

Bearing upon the inquiry is the question whether greater economies would be effected through combined bids or separate bids for these items. The only proof in this respect is an affidavit by the president of the Structural Steel and Ornamental Iron Association of New Jersey submitted by the respondent, in which he says substantial economies will be effected by the use of joint bids, thus making "bids much

lower in amounts" and creating a greater number of bidders, "increasing competition considerably, to the benefit of the public."

These allegations are not denied but are attested to by the record, which shows no bids were received for miscellaneous metal work on the first advertisement calling for separate bids but on re-advertisement for joint bids five were submitted. This affidavit, together with others, shows the general custom of the trade and of the public bodies advertising for bids has been to regard structural steel and ornamental iron as a single item. One such affidavit lists over two hundred public buildings in New Jersey which have been built in the last twenty years and on which the bids and awards for structural steel and ornamental iron work were made as a single unit. These affidavits are not controverted.

■ Long established custom or usage is relied upon and given consideration in determining the construction to be placed upon ambiguous statutes unless such custom is plainly at variance with the statute. Such is not the case here.

■ The punctuation of the statute tends to confirm the thought that the Legislature intended to combine the two as a single item. Usually when a series of items is separated by commas, the two concluding items are joined by a conjunction (in this case "and") and the comma is omitted; this does not ordinarily combine the last two items into a single one but leaves undisturbed their status as separate and distinct items along with the ones earlier enumerated. Here, however, in the preceding line the Legislature has taken the pains to insert a comma before the word "and" in the phrase "and electrical work." This comma serves to emphasize the fact that the electrical work is a separate and distinct item. No such comma was placed before the word "and" in the phrase "structural steel and ornamental iron work." While it is true the Legislature has evidenced an intent to break down the various phases of construction work and require separate bids on each, its intent appears to have been to combine structural steel and ornamental iron work into a single part or unit in such breakdown.

Any doubt remaining is dispelled by the custom in the trade and the history of the adoption of the amendment in 1931 which serve to indicate the correctness of the respondent's interpretation as upheld by the Appellate Division.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—Justice HEHER—1.